TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840


*Attorneys for Plaintiff,*
*Wendy Bauer*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wendy Bauer, | Case No.:  3:17-cv-00818-L-JLB |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| EquityExperts.Org, LLC, a Michigan company, | **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND** |
| Defendant. | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | **JURY TRIAL DEMANDED** |

1

NOW COMES THE PLAINTIFF, WENDY BAUER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, EquityExperts.Org, LLC, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f), and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of San Diego, San Diego County, California.

3. Venue is proper in the Southern District of California.

## PARTIES

4. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains a registered agent in the City of Southfield, in Oakland County, Michigan.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Concord Square, her condominium association, in the amount of $2,420.00 (the alleged "Debt").

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.  In October 2016, Ms. Bauer first became delinquent in making her homeowner's association dues as her last payment was made in September 2016. She paid $300.00 a month for her association dues.

7.  Sometime during the first week of February 2017, Ms. Bauer went online and tried to make a lump sum payment towards her past due homeowner's association dues in the amount of $600.00 to Concord Square. However, she was unable to do so as she was locked out of her account. She then emailed Concord Square and was told that her account had been sent to collections, Equity Experts, for the alleged Debt.

8.  On or about March 22, 2017, Ms. Bauer spoke with a female representative from Defendant's office that identified herself as Rebecca. During this conversation, the representative threatened Ms. Bauer by telling her that they were going to file a lien on her property. She repeated this over and over again as Ms. Bauer was trying to talk and discuss payment options. During this conversation, Rebecca informed Ms. Bauer that she owed Defendant $2,385.00. Then Rebecca gave Ms. Bauer the following breakdown of fees, which added up to $2,280.00 and not $2,385.00:

    a. $300 x 6 months for the condo fees;
    b. $90 for the late fees;
    c. $120 for fees that Concord Square had to pay Equity Experts for their services; and
    d. $270 for Equity Experts' fee.

3

9. During the above conversation, Ms. Bauer asked Defendant to email her a statement regarding the alleged Debt, and Rebecca informed Ms. Bauer that she would email this.

10. On or about March 23, 2017, Ms. Bauer spoke with Rebecca and informed her that the statement had not arrived by email. Rebecca stated that she had waited on adjustments to the account and would send the email. Ms. Bauer received a statement from Defendant that was emailed to her. Nowhere in this statement did Defendant identify itself as a debt collector, in violation of the FDCPA. This showed that Ms. Bauer's original principal open balance was $1,640.00. Contrary to a previous conversation Plaintiff had with Defendant's representative in which the representative told Plaintiff she owed $2,385.00, Defendant misrepresented that Ms. Bauer owed it $2,420.00 in the statement for the following excessive charges:

    a.    On February 6, 2017, Defendant charged Ms. Bauer $270.00 for an "FDCPA Compliance Assurance/Pre-Lien" charge. This is illegal as it cannot charge for a "Pre-Lien" as the file was opened with Equity Experts on February 1, 2017, and there was no lien filed against her on February 6, 2017, so this is a future charge.

    b.    On February 13, 2017, Defendant charged Ms. Bauer $120.00 for a "Delinquency Processing Fee."

4

c.      On March 10, 2017, Defendant charged Ms. Bauer $30.00 for a HOA Late Fee.

d.      On March 22, 2017, Defendant charged Ms. Bauer $360.00 for a "Principal Adjustment through March 31, 2017" fee. Again, this is illegal as it includes future charges.

11. On or about March 23, 2017, Defendant sent Ms. Bauer a letter, attempting to collect the alleged Debt, stating that she owed $2,420.00. In its letter, Defendant again threatened Ms. Bauer with a lien, stating, "If they are not paid, all delinquent amounts assessed by the association including collection costs are your personal obligation and are secured by a lien on the property in favor of the association and Concord Square is authorized to enforce collection of this debt by enforcing the lien." Defendant further stated that it intended to file a notice of lien against her property if she did not pay the alleged Debt in full within 15 days and that an additional $395.00 would be added to her balance. That $395.00 included attorneys' fees and recording fees that did not even exist at the time.

12. With the above letter, Defendant attached a "Collection Activity and Cost Notice," which showed the following excessive and future charges:

a.  $270.00 for an "FDCPA Compliance Assurance Package/Pre-Lien Notice" and a "Notice of Intent to Record Lien" Package;

5

b.  $395.00 for a "Lien Recording and Discharge" Package;

c.  $350.00 for an "Escalated Outreach Service" Package;

d.  $650.00 for a "Post Outreach Lien Enforcement" Package;

e.  $75.00 for a "Continuing Contact" Package; and

f.  The "Final Enforcement" Package rates varies, however, Defendant explained that it charges a flat rate in the amount of $2,995.00 in Michigan only.

13. On or about April 20, 2017, Defendant sent Ms. Bauer another letter, attempting to collect the alleged Debt, stating that she owed $2,777.50. In its letter, Defendant again threatened Ms. Bauer with a lien stating, "This letter is your notification that the association may place a lien against your property if your balance is not paid in full within 30 days of the date on this letter. If the debt is not paid within that time, a lien may be prepared and forwarded to the association for signing. An additional $395.00 collection fee, described in the attached Collection Activity and Cost Notice, together with any attorney's fees incurred to prepare and record the lien and recording fees will be added to your account balance if the lien is filed."

14. With the above letter, Defendant attached a "Collection Activity and Cost Notice," which showed the following excessive and future charges:

6

a. $270.00 for an "FDCPA Compliance Assurance Package/Pre-Lien Notice" and a "Notice of Intent to Record Lien" Package;

b. $395.00 for a "Lien Recording and Discharge" Package + Attorney's Fees and/or Filing Fees Incurred;

c. $350.00 for an "Escalated Outreach Service" Package + $100.00/letter;

d. $650.00 for a "Post Outreach Lien Enforcement" Package, + $100.00/letter;

e. $100.00/month for an "Extended Outreach (EO) Package"; and

f. $100.00/month for "Ongoing Monthly Maintenance Fee".

15. To date, Defendant has not filed a lien against Plaintiff.

16. Ms. Bauer has suffered damages as a result of Defendant's actions.

## COUNT I-VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant violated this provision by misrepresenting the amount of the Debt in multiple communications with Plaintiff. Specifically, Defendant attempted to collect excessive fees and future fees for services that do not yet exist;

   b. 15 U.S.C. §1692e(5) by threatening to take any action that cannot be legally taken or that is not intended to be taken. Defendant violated this provision by threatening to file a lien against Plaintiff's property in its verbal and written communications with Plaintiff. To date, Defendant has not filed a lien;

   c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant violated this provision by attempting to collect excessive fees and future fees for services that do not yet exist.

   d. 15 U.S.C. §1692e(11) by failing to communicate that the communication is from a debt collector. Defendant violated this provision by failing to identify itself as a debt collector in the statement that it emailed Plaintiff; and

8

e.  15 U.S.C. §1692f(1) by collecting an amount not permitted by law. Defendant violated this provision by attempting to collect excessive fees and future fees for services that do not yet exist.

22. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

23. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

25. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

26. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

27. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

9

28. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

    a. Defendant threatened to seize or attach Plaintiff's property if the alleged consumer debt was not paid, when it had no intent or lawful means to do so, in violation of Cal. Civ. Code § 1788.10(e). Defendant violated this provision by threatening to file a lien against Plaintiff's property in its verbal and written communications with Plaintiff. To date, Defendant has not filed a lien;

    b. Defendant falsely represented that a legal proceeding had been or was about to be instituted unless the alleged consumer debt was paid, in violation of Cal. Civ. Code § 1788.13(j). Defendant violated this provision by threatening to file a lien against Plaintiff's property in its verbal and written communications with Plaintiff. To date, Defendant has not filed a lien;

    c. Defendant collected or attempted to collect Defendant's collection fees and/or expenses from the Plaintiff, in violation of Cal. Civ. Code § 1788.14(b). Defendant violated this provision by misrepresenting the amount of the Debt in multiple communications with Plaintiff.

Specifically, Defendant attempted to collect excessive fees and future fees for services that do not yet exist; and

d. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq*., in violation of Cal. Civ. Code § 1788.17.

30. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

31. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

11

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C.

§ 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiffs hereby demands a trial by Jury.


DATED:  April 28, 2017

KENT LAW OFFICES


By:__ /s/  Trinette G. Kent_____
Trinette G. Kent
Attorneys for Plaintiff,
Wendy Bauer

12